# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIM WEHRENBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06 C 487 |
| | ) |
| FEDERAL SIGNAL CORP. and FEDERAL | ) |
| SIGNAL CORP. SUPPLEMENTAL | ) |
| SAVINGS AND INVESTMENT PLAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Federal Signal Corporation ("FSC") and the Federal Signal Corporation Supplemental Savings and Investment Plan (the "Plan") moved to dismiss Counts 1, 2, 3 and 7 of the amended complaint of Kim Wehrenberg. Wehrenberg has voluntarily dismissed Count 1, concedes that Count 3 fails to state a claim but seeks leave to amend, and opposes dismissal of Counts 2 and 7.

For the reasons stated below, the Court dismisses Count 3 but denies defendants' motion as to Counts 2 and 7.

## Facts

Wehrenberg was employed at FSC as general counsel. He says that in October 2003, it came to his attention that family members of a high ranking FSC officer had traded stock on inside information the officer provided to them. Wehrenberg reported this to FSC's board of directors. In February 2004, FSC informed Wehrenberg that his services were no longer required.

Upon learning that his employment was to be terminated, Wehrenberg negotiated a Separation Agreement that included a non-disparagement clause. Section 6(c) of the Separation Agreement stated that Wehrenberg would not disparage FSC and that FSC would not disparage Wehrenberg. Section 7 of the Agreement provided that FSC was to direct all requests for references to "Mr. Welding." Pursuant to the Separation Agreement, Wehrenberg remained employed by FSC until September 2004.

Wehrenberg alleges that after the Separation Agreement was signed but before he found new employment, FSC breached the non-disparagement clause. He contends that while he was seeking employment, a number of prospective employers contacted FSC with the intention of hiring him. Wehrenberg alleges that after these prospective employers contacted FSC, they decided not to hire him based on information they received.

Wehrenberg also alleges that FSC breached the Separation Agreement by a comment made to a member of the National Association of Manufacturers (NAM). According to Wehrenberg, the NAM member was told by someone at FSC that Wehrenberg was no longer employed there, though Wehrenberg was, at the time, still "of counsel" to FSC as provided in the Separation Agreement. Wehrenberg contends that as a result of this false statement, he lost the opportunity to explore other employment opportunities, which materially contributed to his remaining unemployed.

has Wehrenberg filed an eight-count amended complaint. He alleges: 1) FSC fired him in retaliation for reporting insider trading by firing him; 2) FSC breached the non-disparagement clause of Wehrenberg's Separation Agreement; 3) FSC intentionally interfered with Wehrenberg's prospective economic advantage; 4) the Plan violated

2

ERISA by failing to pay him benefits he says were due to him; 5) FSC, as Plan administrator, similarly violated ERISA; 6) FSC is obligated under the doctrine of promissory estoppel to pay him benefits; 7) FSC breached a provision of the Separation Agreement by failing to pay him the benefits he says were due; and 8) FSC violated the Illinois Wage Payment and Collection Act by failing to pay him for unused vacation days.

As noted earlier, defendants have moved to dismiss Counts 1, 2, 3, and 7. In response, Wehrenberg voluntarily dismissed Count 1, conceded that Count 3 was deficient but requested leave to amend, and argued that Counts 2 and 7 should not be dismissed.

**Discussion**

When considering a motion to dismiss, the Court reads the complaint liberally, granting the motion only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that entitles him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). We accept the allegations in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Cler v. Illinois Education System*, 423 F.3d 726, 729 (7th Cir. 2005).

I

FSC contends that Wehrenberg's allegation regarding disparaging comments to prospective employers fails to give FSC adequate notice of the basis of the claim to permit further investigation because it does not provide the identities of the makers and recipients of the disparaging comments. The Court disagrees; FSC cites no case supporting the contention that notice pleading standards require this level of specificity.

To the contrary, federal pleading standards require only a short and plain statement of the claim sufficient to give the defendant fair notice of the plaintiff's claim and the ground upon which it rests. *Cler*, 423 F.3d at 729. Count 2 satisfies this standard.

Second, FSC contends that as a matter of law, the comment "Wehrenberg no longer works for FSC" is not a disparaging comment prohibited by the Separation Agreement. The Court disagrees. Taking the allegation in the light most favorable to Wehrenberg, a comment by FSC that he was not employed there could, depending on the circumstances, be interpreted as disparaging by a reasonable listener. Under the circumstances, the claim is not subject to dismissal under Rule 12(b)(6); to rule otherwise the Court would have to draw inferences adverse to Wehrenberg, which is inappropriate at this stage of the case. *Mescall v. Burrus*, 603 F.2d 1266, 1269 (7th Cir. 1979).

Third, FSC argues that Wehrenberg's allegations of damage resulting from FSC's alleged communications are speculative. In particular, FSC contends that Wehrenberg has not alleged that, prior to FSC's alleged comments, he had a reasonable expectancy of employment with the persons or firms to which the supposedly improper comments were made. The Court disagrees. Wehrenberg has alleged that but for statements made by FSC, prospective employers would have offered him employment. *See* Am. Compl. ¶ 18. In addition, he has alleged that the alleged comments to the NAM member severely limited his ability to explore other job opportunities and materially contributed to his remaining unemployed. *See id.* ¶ 24.

Fourth, FSC asserts that Illinois public policy, as reflected in 745 ILCS 46/10, precludes Wehrenberg's claim. The statute precludes liability for "truthful" statements made in "good faith" regarding an employee's job performance. The only way the Court

4

could dismiss Count 2 on this basis, however, would be to construe the complaint against Wehrenberg by assuming that the incidents he alleges involved truthful statements about his job performance. There are at least three problems with this. First, that is not what Wehrenberg alleges; he claims that FSC made false statements, at least some of which had nothing to do with his job performance. Second, it is inappropriate to construe the complaint against Wehrenberg on a Rule 12(b)(6) motion. Third, the Court does not see why public policy would prevent an employer like FSC from contracting away its protection under 745 ILCS 46/10, as FSC may have done in the Separation Agreement.

For these reasons, the Court declines to dismiss Count 2.

## II

FSC seeks dismissal of Count 7, Wehrenberg's breach of contract claim, on the ground that the claim is preempted by ERISA. In Count 7, Wehrenberg says that under his Separation Agreement, he was entitled to immediate access to benefits under the Plan that were being held on his behalf under the FSC "Rabbi Trust." *See* Compl., Count 7 ¶ 19; *see also id.,* Count 4 ¶¶ 7-12.

It is, in fact, likely that Count 7 is preempted by ERISA. But the Court sees no need to address the issue at this stage of the case. Wehrenberg says that he has brought Count 7 only as an alternative to his ERISA claims, in the event the Court determines that he cannot maintain a claim under ERISA, Under the circumstances, this issue is more appropriately dealt with at the summary judgment stage.

## Conclusion

For the reasons stated above, defendant's motion to dismiss is granted as to Count 3 but is otherwise denied. Plaintiff may seek leave to file an amended Count 3, but any

5

such motion must be filed no later than August 17, 2006.[1]

                                                                       _____
                                                                           MATTHEW F. KENNELLY
                                                                          United States District Judge

Date:   August 7, 2006

---

[1] Wehrenberg conceded that Count 3 failed to state a claim but sought leave to amend; defendants opposed the latter request, saying that amendment would be futile. The futility issue is more appropriately determined if and when plaintiff actually seeks to amend.