# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **KIM WEHRENBERG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 06 C 487** |
| | ) | |
| **FEDERAL SIGNAL CORP. and FEDERAL** | ) | |
| **SIGNAL CORP. SUPPLEMENTAL** | ) | |
| **SAVINGS AND INVESTMENT PLAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Kim Wehrenberg, the former general counsel of Federal Signal Corporation (FSC), sued FSC and the Federal Signal Corporation Supplemental Savings and Investment Plan (Plan) under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) (ERISA). Wehrenberg has moved for leave to file a second amended complaint abandoning his ERISA claim, and instead bringing a claim against FSC for breach of a "separation agreement" entered into in connection with the termination of Wehrenberg's employment. He has also filed a motion to remand this matter to state court and to reopen discovery. For the following reasons, the Court grants Wehrenberg's motion for leave to amend, denies his motion to remand, and takes under advisement his motion to reopen discovery.

### Background

On February 29, 2004, Wehrenberg and FSC entered into an agreement that set forth the terms of Wehrenberg's termination of employment. Among other things, the agreement

contained a provision stating that Wehrenberg "shall be entitled to all vested rights and benefits under [FSC's] other employee benefit plans in accordance with their terms. Additionally, as of the Separation Date, [Wehrenberg] shall have full access to the funds which are held on his behalf under [the Plan]." Second Amend. Compl., Ex. A § 3.6. The Plan's assets consisted of FSC stock. Wehrenberg asked that the benefits due to him be distributed in cash, which would have required the Plan administrators to liquidate shares of FSC stock. The Plan administrators stated that they could not honor this request due to the amount of stock that it would have to liquidate (165,000 shares) and due to "timing considerations . . ., including considerations related to the Federal securities laws." *Id.*, Ex. D.

Wehrenberg alleges that FSC and the Plan's administrators were aware that an upcoming report of FSC's quarterly earnings would show worse than expected results and feared that if they sold the stock as Wehrenberg asked, they would risk liability for violating the securities laws. In his original and first amended complaints, Wehrenberg alleged that the Plan administrators acted contrary to the terms of the Plan by denying his request for a cash distribution. Wehrenberg contended that the fear of violating the securities laws was unfounded and that in any event, the administrators were putting their own interests ahead of his interest as a Plan beneficiary. Part of the reason for FSC and the administrators' heightened concern about the securities laws, Wehrenberg contended, is that FSC recently had terminated its chief executive officer for alleged insider trading after Wehrenberg had reported his suspicions about the executive.

FSC and the Plan maintained their position that they could not give Wehrenberg a cash distribution, and Wehrenberg ultimately agreed to receive his Plan benefits in the form of FSC

stock.  He contends, however, that the Plan administrators' earlier reference to the securities laws put him on notice of adverse inside information and that as a result, he was precluded from selling the stock until after the quarterly earnings report was publicly released.  In the interim, he says, the stock's price dropped significantly; by the time he was able to sell it, it was worth $400,000 less than its market value at the time of the distribution.

In his proposed second amended complaint, Wehrenberg has abandoned his ERISA claim and no longer contends that the Plan should have given him a cash payment instead of FSC stock.  Rather, he wishes to assert only a breach of contract claim against FSC.  He contends that FSC breached the separation agreement's "full access to funds" provision by providing him inside information that prevented him from selling his FSC shares before they declined in value. Wehrenberg asks the Court to allow him to file a second amended complaint setting forth this claim, remand the case to state court due to the absence of any federal claims, and reopen discovery so that the state court will not believe that discovery is closed.

## Discussion

A court should deny a motion for leave to amend if the amendment would be futile. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).  Defendants argue that the amendment is futile because ERISA preempts Wehrenberg's breach of contract claim and because his allegations regarding the "insider information" he received fail to state a claim for breach of contract as a matter of law.  Def. Resp. at 2.

State law claims may be subject to "conflict preemption" under ERISA section 514(a), or "complete preemption" under section 502(a).  The term "complete preemption" is a bit of a misnomer; it denotes that the claim, though asserted under some body of law other than ERISA,

may be maintained, if at all, only under ERISA. *See Hart v. Wal-Mart Stores, Inc.*, 360 F.3d 674, 678-79 (7th Cir. 2004) (all state law actions that fall under section 502(a) of ERISA are preempted under the complete preemption doctrine).

The Seventh Circuit has held that three factors are relevant for determining whether a claim is within the scope of section 502(a) of ERISA and therefore preempted: "whether the 'plaintiff [is] eligible to bring a claim under that section . . . whether the plaintiff's 'cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a),' and . . . whether the plaintiff's 'state law claim cannot be resolved without an interpretation of the contract governed by federal law.'" *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) (citation omitted). In this case, the third factor is dispositive.

As noted earlier, Wehrenberg has abandoned his claim that defendants violated the Plan and he proposes to drop the Plan as a defendant. Instead, he contends only that FSC breached the separation agreement, which provides that Wehrenberg "shall have full access to the funds which are held on his behalf [in the Plan]." Second Amend. Compl., Ex. A ¶ 3.6. Specifically, he alleges that FSC breached the agreement by providing him inside information regarding its upcoming earnings announcement, thereby effectively preventing him from selling his shares until after the announcement. Wehrenberg contends that the share price dropped after the earnings announcement, thereby diminishing the value of his shares and preventing him from receiving "full access" to his funds as required by the separation agreement.

The Court (or a jury) need not interpret the Plan documents to resolve Wehrenberg's proposed breach of contract claim. Wehrenberg no longer complains that FSC or the Plan administrators violated the terms of the Plan by giving him stock instead of a cash payment. Nor

does he allege that he was denied benefits owed to him under the Plan. Wehrenberg's second amended complaint involves FSC's alleged conduct after it had complied with the terms of the Plan and offered to provide him the stock he was owed. In short, his new claim does not implicate the Plan documents.

Wehrenberg's breach of contract claim also is not subject to conflict preemption. Section 514(a) states that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). The Supreme Court has held that the "relate to" clause is "conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990); *see also, Central States v. Neurobehavioral Assoc.*, 53 F.3d 172, 174 (7th Cir. 1995) ("The structure and legislative history indicate that the words 'relate to' are intended to apply in their broadest sense."). But some state law claims "may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n.21 (1983). In this case, Wehrenberg's allegations in his second amended complaint are, at most, peripheral to the Plan. As explained above, the injury of which Wehrenberg now complains has to do with whether he had full access to the funds in the Plan, as required by the separation agreement, *after* stock had been distributed to him in accordance with Plan requirements. In sum, the claim in Wehrenberg's second amended complaint is not preempted by ERISA.

Defendants also argue that Wehrenberg's motion for leave to file a second amended complaint should be denied because the proposed new claim fails as a matter of law. An amendment is futile if "it [c]ould not withstand a motion to dismiss." *Vargas-Harrison*, 272 F.3d at 974. Wehrenberg was not entitled to receive his benefits until thirty days after he

submitted his Plan benefit election form.  Wehrenberg submitted the election form on October 6, 2004, and therefore was not entitled to receive benefits until November 5, 2004.  FSC publicly announced its earnings on October 26, 2004.  Defendants argue that because Wehrenberg did not have a right to his funds until after the date of FSC's earnings announcement, FSC could not have breached the separation agreement by providing him inside information of the earnings announcement.

As Wehrenberg points out, however, the fact remains that the Plan *did* distribute stock to him prior to the earnings announcement.  The fact that the Plan could have waited until later to tender the stock does not necessarily mean that Wehrenberg cannot prove his breach of contract claim.  At this stage, the Court is only concerned with whether Wehrenberg should be allowed to file a second amended complaint.  Because defendants have not shown that the proposed amendment would not withstand a motion to dismiss, the Court grants Wehrenberg leave to file his second amended complaint.

Wehrenberg has also moved to remand this case to state court in the event the Court grants him leave to amend.  He argues that because he has abandoned his ERISA claim, there is no longer an independent basis for federal court jurisdiction.  But a district court has discretion to retain jurisdiction after dismissing all claims forming the basis for federal jurisdiction.  *See* 28 U.S.C. § 1367(c)(2); *Baker v. Kingsley*, 387 F.3d 649, 655-56 (7th Cir. 2004).  Among other things, when deciding whether to retain jurisdiction, courts look at "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources . . . ."  *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994).  Wehrenberg's sole remaining claim is for breach of the parties' agreement.  It does not present novel issues of state

law, nor does it appear that its resolution will be particularly complicated.  Moreover, this case has been pending before the Court since January 2006.  The Court has expended reasonably significant resources addressing the parties' various motions and discovery disputes.  In doing so, the Court has become familiar with the facts of this case and the parties' positions.  Requiring the parties to start over in front of a state court judge would cause a needless expenditure of judicial resources in the state system, as well as the waste of the resources expended by this Court.  For these reasons, the Court exercises its discretion to retain jurisdiction over this case.

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion for leave to file a second amended complaint [docket nos. 119 and 124] and denies plaintiff's motion to remand [docket nos. 120 and 125]. The Federal Signal Corporation Supplemental Savings and Investment Plan is terminated as a defendant.  This matter is set for a status hearing on September 5, 2007 at 9:30 a.m., at which time the Court will take up plaintiff's motion to reopen discovery [docket no. 121].  The Court expects both parties to be prepared to describe, with specificity, any additional discovery that they propose to conduct.  Counsel are directed to discuss these matters in advance of the hearing so that both sides can be prepared to address the matter.

MATTHEW F. KENNELLY
United States District Judge

Date:   August 22, 2007